IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PIVOTAL SANDIA, L.L.C., an Arizona limited liability company; Rummel Construction Inc., an Arizona corporation; and City of Coolidge, Arizona, a municipal corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>GILA RIVER INDIAN COMMUNITY, a federally recognized Indian Tribe; Annette Stewart, Community Court Judge; and the Gila River Indian Community Court,<br><br>    Defendants | No. CV-07-1745-PHX-FJM<br><br>**TEMPORARY RESTRAINING ORDER** |

    The court held a hearing on plaintiffs' application for temporary restraining order (doc. 2), and the defendants' response (doc. 11), and stated our findings and conclusions under Rule 52(a), Fed. R. Civ. P., on the record. For reasons stated at very great length on the record, we concluded that the plaintiffs made a showing of (1) probability of success on the merits, (2) harm that would be caused them if the restraining order were not granted, (3) less harm that would be caused the defendants if the temporary restraining order were granted that would not otherwise be covered by adequate security, and that the public interest

1 would be served by the granting of a temporary restraining order.  At a minimum, the
2 plaintiffs have shown that serious questions are raised and that the balance of hardship tips
3 in plaintiffs' favor.

4     For reasons stated at very great length on the record, we believe that the Gila River
5 Indian Community Court is without civil adjudicatory jurisdiction over non-Indians for their
6 activities on a federally granted right of way under 25 U.S.C. § 311. *Montana v. United*
7 *States*, 450 U.S. 544, 101 S. Ct. 1245, 1257-59 (1981). We believe that it is more probable
8 than not that the federal right of way is valid.  No exhaustion of tribal remedies is necessary
9 before resort to the United States District Court for two separate and independent reasons.
10 First, the substance of plaintiffs' claim is an immunity from tribal court jurisdiction and thus
11 if they are required to exhaust, they are deprived of the very right they seek to assert. Second,
12 the delay associated with resolving the jurisdictional question in the Gila River Indian
13 Community Court is inconsistent with the need for all the parties to resolve the underlying
14 merits with some measure of finality within a reasonable period of time.

15     Accordingly, IT IS HEREBY ORDERED that defendants and all those acting in
16 concert with them are enjoined from asserting civil adjudicatory jurisdiction over plaintiffs
17 in connection with the subject easement and specifically are enjoined from enforcing any
18 tribal order against the plaintiffs and taking any action in the underlying case pending in the
19 Gila River Indian Community Court.  This order is effective immediately as of 4:50 p.m. on
20 September 13, 2007.

21     IT IS FURTHER ORDERED that plaintiffs will post security under Rule 65(c), Fed.
22 R. Civ. P., in the amount of $250,000.00 for the payment of such costs and damages as may
23 be incurred by any party that has been found to be wrongfully restrained.  The security will
24 be posted no later than 2:00 p.m. on September 14, 2007.

25     DATED this 13th day of September, 2007.

26

27
28     *Frederick J. Martone*
    Frederick J. Martone
    United States District Judge